BREAUX, O. J.
Relator and appellant complains of the judgment rendered against him. His application for a writ of mandamus was not granted.
His purpose was to compel the clerk of court and ex-officio recorder to cancel an asserted illegal and void judicial mortgage from the mortgage records of the recorder’s office of the parish of Ouachita. And relator also asks that the judgment under which the judicial mortgage exists, rendered against him and in favor of the hank, he decreed null and void as against him.
The partnership of which R. B. Blanks, J. P. Parker, J. E. Reynolds, and E. 0. Drew were the members was indebted in a large amount to the Bank of Monroe.
The hank held the indebtedness without expressed acknowledgment; to quote the words used in the agreement: It was an “overdraft indebtedness.”
In May, 1907, Blanks, of the firm in question and president of the bank, made a note in the name of the partnership (dissolved partnership is relator’s contention), and signed as treasurer the name of the partnership, although, as averred, he was not the treasurer.
At the maturity of the note the bank sued the four partners in solido on the note, which represented the sum of $28,941.44, plus interest and fee of attorney, and alleged that they were commercial partners, as the firm had been organized for the purpose of buying and selling timber.
The case was closely litigated. It resulted in a judgment for plaintiff.
Defaults were entered against all the defendants.
All exceptions having been overruled, answers were filed.
The minutes of the court before us show that the judgment was rendered in favor of plaintiff on June 20, 1908, and on June 22, 190S, on motion of plaintiff’s counsel, a non-suit was entered as to R. B. Blanks and J. P. Parker, and the entry following is:
“Judgment against defendant E. O. Drew and J. E. Reynolds read and signed.”
Counsel for defendant Reynolds obtained, immediately, after, an order of appeal returnable to this court on the 3d of August last.
This fact is not pertinent. Drew, the relator, did not appeal.
The judgment reserved to the plaintiff bank the right to sue the defendants Blanks and Parker, and as to them the ease was dismissed as in case of nonsuit.
It is this judgment and the judicial mortgage which follows it that relator, Drew, is seeking to have canceled and erased.
The proceedings on the face of the papers are sufficiently regular to render it impossible for the relator to obtain a writ of mandamus for the purpose before stated. A judgment was pronounced which can only be annulled by action of nullity or by appeal.
The relator has adequate remedy by appeal, and is still in time to take a devolu-tive appeal.
The suit was dismissed as to Blanks and Parker contradictorily with all persons concerned.
The judgment, though rendered, had not been signed when plaintiff moved to dismiss as against two of the parties. The change complained of preceded the signing of the judgment.
In this one act of dismissal of the suit (before the judgment had been signed) and reservation of a right, as stated in the judgment, we have not found the fatal effect for which relator contends. It is utterly impossible and out of all question in manda *977 mus proceedings to hold that the judgment is a nullity, and that its registry in the mortgage office must he canceled because of the alleged illegality.
A judgment is the highest evidence of a debt, and it cannot in this manner be treated as void and all of its effects destroyed.
It is well settled that mandamus will not lie if there be remedy by appeal. Garland’s Code of Practice, art. 830.
We will go a step further, and state that ■even if the time for an appeal had passed the relator would not have any right to a writ of mandamus. It would be interfering with proceedings to which legal effect must be given at least until set aside.
We readily concede that a mortgage may .he canceled when asked for by mandamus proceedings and the debt since the rendition •of the judgment has been paid, or when asked for on other sufficient ground of a date subsequent to the judgment. But mandamus will not be issued to pronounce a judgment null rendered by a court of competent jurisdiction among parties, all of whom have been cited, and particularly when -on the face of the papers all has the appearance of being in due form.
It has been held that mandamus is not the remedy to cancel the title to property. Willis v. Wasey, 41 La. Ann. 694, 6 South. 730; Raymond v. Villere, 42 La. Ann. 488, 7 South. 900.
It follows as a legal sequitur if it be not the remedy in such a case it cannot be adequate remedy to set aside a judgment or, cancel a mortgage thereunder to which force and effect is to be given under the terms of the judgment and to the extent provided by law.
We refer to title to real property only because whenever an attempt has been made to affect the title to property by mandamus, and the question of nullity came up, the court has held that it was an attempt to go beyond the functions of the writ.
For the same reason, whenever a question of nullity arises in a case as in the present mandamus is not the remedy.
In other words, in a trial of title the action is petitory; in a trial to annul a judgment or set aside a judicial mortgage on grounds anterior to the. judgment the remedy is by appeal or by action of nullity.
Let it be borne in mind that this judgment is not null and void on its face.
We have found no error in the judgment refusing the mandamus. •
For reasons assigned, the judgment is affirmed, with costs.