(51 South. 683.)

No. 17,722.

DREW v. BANK OF MONROE et al.

(Feb. 28, 1910.)

*(Syllabus by the Court.)*

1. PARTNERSHIP (§ 32*)—AGREEMENT — CONSTRUCTION.

Where parties make an agreement for the purchase and sale of land, and regard this agreement as a contract of partnership, the resulting partnership is an ordinary partnership, whose nature is not changed by the incidental purchase of timber, or the sale of the timber cut on the partnership lands.

[Ed. Note.—For other cases, see Partnership, Dec. Dig. § 32.*

For other definitions, see Words and Phrases, vol. 6, pp. 5191–5202; vol. 8, pp. 7746–7747.]

2. PARTNERSHIP (§ 165*)—COMMERCIAL PARTNERSHIP—JOINT OBLIGATION.

It follows that the obligations of the parties to the agreement is a joint obligation since they are ordinary partners.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. § 301; Dec. Dig. § 165.*]

3. RELEASE (§ 28*)—JOINT OBLIGATION—DISCHARGE OF ONE DEBTOR.

The discharge of one joint obligor does not discharge the others, since each is liable for his virile portion, and each may at any time obtain his discharge by paying his virile share of the obligation.

[Ed. Note.—For other cases, see Release, Cent. Dig. § 57; Dec. Dig. § 28.*]

Appeal from Sixth Judicial District Court, Parish of Ouachita; J. P. Madison, Judge.

Action by Emanuel C. Drew against the Bank of Monroe and others. Judgment for defendants, and plaintiff appeals. Affirmed.

Allan Sholars, for appellant. Stubbs, Russell & Theus, for appellees.

BREAUX, C. J. The purpose of plaintiff is to obtain a decree to have a judgment against him as signed and as recorded in the mortgage record of the parish of Ouachita, in so far as it affects him, decreed an absolute nullity.

His grounds are that on the 27th day of December, 1907, the Bank of Monroe brought

125 LA.—22

suit against him and Robert B. Blanks, John P. Parker, and John E. Reynolds for recovery of the sum of $28,941.94, plus interest and fee of attorney.

That judgment was rendered in favor of plaintiff bank on the 20th day of June, 1908 (less fee and interest prayed for), against said defendants in solido.

The complaint of plaintiff in the pending suit—defendant in suit No. 17,722—is that on June 22, 1908, the plaintiff bank in the suit in which the judgment complained of was rendered—i. e., suit 17,722—applied for a nonsuit as against John P. Parker and Robert B. Blanks, which the court granted.

Afterward judgment was read against the other defendants, E. C. Drew and J. E. Reynolds.

The averment is in substance that the judgment dates from the 20th of the month and not from the 22d, the day it was signed.

The fact is that on the first day (June 20th) the court orally announced its judgment, and the clerk made the usual entry of judgment rendered (see decree), but there was no decree made final on said date.

The contention at this point is that, after the judgment had been rendered on the day first before mentioned (June 20th), the plaintiff bank improperly and fraudulently gave time to Blanks and Parker, his codefendants, and entered into a contract with them which must be construed as having had the effect of releasing plaintiff in the pending suit from paying the indebtedness, on account of time granted as just mentioned.

The agreement in question, which plaintiff here urges has had the effect of releasing him, provides that each, the said Blanks and the said Parker, acknowledged his indebtedness, but that "owing to the financial conditions at the time they are unable to pay," and therefore arranged with plaintiff for an extension of time, and thereby to avoid the incumbrance of a judicial mortgage on their

property if judgment were rendered in the suit of the bank.

·This agreement, it is stated, was entered into without prejudice to the rights of the plaintiff bank "to institute and maintain a future action for the recovery of the indebtedness sued for in said cause."

### Excerpt from the Contract.

This agreement was signed after the 20th of June, but before the 22d.

In the judgment rendered in favor of plaintiff in suit 17,722,. the court recognized the claim of plaintiff against the defendants Reynolds and Drew in solido for the sum before mentioned, and reserved plaintiff's right to proceed against the other defendants, Blanks and Parker.

The defendant in the present suit controverts plaintiff's allegation, and denies that it has released any of the defendants from the payment of the amount due by them in solido.

If bound at all they are bound jointly, the defendant alleges. Further, they allege if the defendant were indebted jointly, as only two were sued, no judgment could be legally obtained without making the other partners parties to the suit, was another of the grounds urged by defendants in argument. The appellant urged the objection of nonjoinder of necessary parties to the district court.

·We will say, there was a time in the history of our jurisprudence (in an action on joint obligation), no judgment could be rendered unless all the obligors were cited.

Legislation has settled that point.

It is now, and has been since Act No. 103 of 1870, § 2, unnecessary to make all the obligors parties. This point has no merit.

This brings us to a consideration of the partnership alleged to have existed—i. e., the partnership known as the "Drew Investment Company." It becomes necessary to determine whether it was an ordinary or commercial partnership.

We have arrived at the conclusion that, if the agreement of defendants in 1903 to buy and sell land was a partnership, it was a particular and not a commercial partnership. We take it that a partnership was intended and construe it as such, as all refer to it as a partnership, but it certainly was not a commercial partnership. It has features of joint ownership of immovable property, bought in accordance with the agreement above referred to as having been entered into in 1903, hence we have been slow in arriving at the conclusion that it was even an ordinary partnership.

We are convinced the obligors are not bound in solido.

True, these defendants bought and sold timber land and sold timber taken therefrom for about three months during the existence of the partnership.

The incidental purchase of timber and its sale, after the partnership had it cut down on its land, did not have the effect of changing the agreement of 1903, so as to change the terms of the agreement and make of it a commercial partnership.

It follows that the obligation was joint.

Each party was bound to do a distinct thing.

It also follows:

One of the parties may pay the proportion of his indebtedness relative to the whole for which he is bound and obtain his release without it having the effect of releasing the other joint obligors. The discharge of one of the joint obligors does not discharge the others as each is liable for his virile share.

There is here no question of subrogation. The obligation being joint and as stated, the question of subrogation does not arise. But even if the obligation were considered one in solido, the defendant would not be discharged.

It appears that the creditor bank has expressly reserved its rights against the other debtors in solido.

In the case cited infra, the question here for decision was passed upon. Irwin v. Scribner, 15 La. Ann. 583, citing 2199 and 2157, old Code.

In the former article it is provided:

"Unless the *creditor has expressly reserved his right against the latter*—and then the creditor cannot hold his debtor without deducting the remitted debt."

The creditor here, we have noted, had reserved his right. (Italics ours.)

That being the law, as relates to debtors in solido, for better reason, a joint debtor may be released as to the debt he owes with a joint debtor, without releasing his joint debtor.

For reasons stated, the judgment of the district court in this case is affirmed.