(53 South. 136.)

No. 17,756.

BANK OF MONROE v. E. C. DREW INV. CO. et al.

(Feb. 28, 1910.  On Rehearing, June 28, 1910.)

*(Syllabus by the Court.)*

GRANT OF NONSUIT.

The decisions in No. 17,846 (53 South. 129, ante, p. 1028), and No. 17,722 (125 La. 673, 51 South. 683), No. 17,328 (48 South. 425, 122 La. 974), as well as the decision with the above title, growing out of the same transaction, are interconnected.

Breaux, C. J., dissenting.

Appeal from the Sixth Judicial District Court, Parish of Ouachita; J. P. Madison, Judge.

Action by the Bank of Monroe against the E. C. Drew Investment Company and others. Judgment for plaintiff, and E. C. Reynolds, defendant, appeals.  Reversed.

Hudson, Potts & Bernstein and Dorman & Reynolds, for appellant.  Stubbs, Russell & Theus, for appellee.

BREAUX, C. J.  Defendant, E. C. Reynolds, appealed from a judgment, condemning the E. C. Drew Investment Company, Emanuel C. Drew, and John E. Reynolds in solido to pay plaintiff the sum of $28,941.99, with 5 per cent. interest per annum from the 25th of May, 1907, and costs, except costs incurred against R. B. Blanks and John P. Parker.

The rights of plaintiff to sue the defend-

ants R. B. Blanks and John P. Parker were fully reserved in the judgment which dismissed the action against these last-named defendants as in case of nonsuit and without prejudice to the right to institute and maintain another suit on the same cause of action.

After the evidence had been heard and the court ordered judgment for plaintiff, before the judgment was signed, the bank and Blanks and Parker entered into an agreement with the plaintiff bank conditionally granting them time.

This agreement was made the basis of the judgment as relates to the nonsuit.

The complaint of defendant was that it was illegal to order a nonsuit to be entered as to J. P. Parker and R. B. Blanks on June 22, 1908, for the reason that judgment had already been rendered on June 20, 1908, on the cause of action sued upon and against all defendants in the cause in solido.

The point presented is decided in the case of Bank of Monroe v. Investment Company, of which E. C. Drew is the appellant.

Although the questions are decided in the case cited supra, we will state that, while it is true that a judgment cannot be changed after it has been rendered:

The judgment referred to in the case cited supra had not been finally rendered and signed on the day that the nonsuit was entered.

After a judgment has been pronounced and signed, the judge cannot cancel it and render another.

But here nothing of the kind was done. The judge only permitted a nonsuit before final judgment.

It was a matter between plaintiff and the two defendants, Blanks & Parker, as to whom nonsuit was ordered.  As to the others, Drew & Reynolds, they have no good ground of complaint, as they were in no

manner prejudiced by the nonsuit; they could go on with their defense, and were not impeded in any way as to any right they had.

A solemn and binding obligation cannot be extinguished by a nonsuit, entered as this was, before final judgment.

The two appeals—No. 17,846 and No. 17,-756—are from one judgment, taken by two defendants separately.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be and is amended by condemning defendants Emanuel C. Drew and John E. Reynolds jointly (they being debtors with R. B. Blanks and John P. Parker) instead of in solido, to pay the sum of $28,941.99 and costs; that in all other respects the judgment appealed from is affirmed. Appellee is condemned to pay the costs of appeal.

### On Rehearing.

MONROE, J. For the reasons assigned in the opinion, on the rehearing, upon the appeal of E. C. Drew, No. 17,846, 53 South. 129,[1] this day handed down (the two appeals having been taken from the same judgment, predicated on, substantially, the same facts):

It is ordered, adjudged, and decreed that the decree heretofore rendered in this case be set aside; that the judgment appealed from be annulled, avoided, and reversed; and that there now be judgment in favor of the defendant John E. Reynolds and against the plaintiff, Bank of Monroe, rejecting the demand of the bank, and dismissing this suit at its cost, in both courts, without prejudice, however, to its right to bring suit against the defendant on the account or overdraft of the E. C. Drew Investment Company.

BREAUX, C. J., dissents.

[1]Ante, p. 1028.