(68 South. 215)

No. 20072.

ARENT v. BANK OF MONROE et al.

(March 8, 1915. Rehearing Denied April 26, 1915.)

*(Syllabus by the Court.)*

JUDICIAL SALES ⬤⇒47 — SALE OF PARTNERSHIP PROPERTY—ACTION FOR DAMAGES—PETITION—SUFFICIENCY.

The petition in a suit for damages for and on behalf of an ordinary partnership, in liquidation, arising from the sale of property belonging to the partnership, under a final judgment regularly rendered against said partnership, and from which no appeal was taken, and when there has been no judgment annulling said judgment against the partnership, does not disclose a cause of action.

[Ed. Note.—For other cases, see Judicial Sales, Cent. Dig. § 89; Dec. Dig. ⬤⇒47.]

Appeal from Sixth Judicial District Court, Parish of Ouachita; B. C. Dawkins, Judge.

Action by Abe Arent, liquidator of the E. C. Drew Investment Company, against the Bank of Monroe, in liquidation, and others.

137 LA.—3

From the judgment, plaintiff appeals. Reversed, and suit dismissed.

See, also, 126 La. 1047, 53 South. 136, and 133 La. 134, 62 South. 602.

Sholars, Elder & Benoit, of Monroe, for appellant. Stubbs, Russell & Theus, of Monroe, for appellees.

SOMMERVILLE, J. The litigation between plaintiff and defendant has called for several decisions by the court, and it has been extended over a long time. The original plaintiff and defendant have both gone into liquidation since the first suit between them was filed.

The Bank of Monroe is the successor of the Merchants' & Farmers' Bank of Monroe, La., with which the E. C. Drew Investment Company did business. The litigation originated on a note said to have been given by the E. C. Drew Investment Company to the Merchants' & Farmers' Bank, and which was passed to the Bank of Monroe.

The Bank of Monroe instituted suit on the note referred to, making the E. C. Drew Investment Company and the individual members of that company parties defendant. There was judgment in favor of the bank and against the company, or ordinary partnership, together with two members of said company, E. C. Drew and J. E. Reynolds. There was judgment of nonsuit against the other two members of the company, Robert D. Blank and John P. Parker. Devolutive appeals were taken by Drew and Reynolds. The judgments against Drew and Reynolds were reversed June 8, 1910, 126 La. 1028, 53 South. 129, 33 L. R. A. (N. S.) 255, and 126 La. 1047, 53 South. 136.

During the pendency of the two devolutive appeals by Drew and Reynolds, E. C. Drew sued out a mandamus against the recorder of the parish to compel him to erase the judgment which had been inscribed on the records of his office, and the application

for a mandamus was denied. 122 La. 974, 48 South. 425.

Thereafter, and while the devolutive appeals were pending, E. C. Drew brought a suit to annul the judgment rendered against him in favor of the bank. There was judgment in favor of the bank, dismissing the suit of Drew. 125 La. 673, 51 South. 683.

February 13, 1913, Abe Arent, the liquidator of the E. C. Drew Investment Company, entered suit against the liquidators of the Bank of Monroe, and asked that a receiver be appointed for said bank, which petition was denied March 12, 1913. 133 La. 134, 62 South. 602.

In the meantime, November 16, 1912, this suit was filed by Arent, as liquidator, representing:

"That on the 15th day of July, A. D. 1910, by and under judgment of the honorable Sixth district court in and for the parish of Ouachita, in the suit No. 7724 of the said court, entitled In re Liquidation of the E. C. Drew Investment Company, he was regularly appointed liquidator to the said E. C. Drew Investment Company, and that he promptly qualified as such, and brings this petition as liquidator of the said E. C. Drew Investment Company."

He thereupon alleges that the Bank of Monroe in an action against the E. C. Drew Investment Company, E. C. Drew, J. E. Reynolds, J. P. Parker, and R. B. Blanks, recovered judgment against the company and E. C. Drew and John E. Reynolds in the sum of $27,941.99; that a fieri facias was issued under said judgment; that certain standing timber, the property of the E. C. Drew Investment Company, and a small quantity of timber belonging to E. C. Drew, were seized under said writ in the parish of Ouachita; "that in due course and through legal process" the property was "regularly advertised for sale and sold according to law, and that the Bank of Monroe became the purchaser thereof"; that the bank "caused an alias writ of fieri facias to be issued" under said judgment, "addressed to the sheriff of the parish of Caldwell," and that "after a full compliance with the requisites and formalities of the law, and after proper advertisement and lapse of all legal delays, certain property in that parish belonging to the company was sold to a third person; that another writ of fieri facias was issued to the sheriff of the parish of Winn, and that, after compliance with the forms of law, certain property in said parish belonging to the company was sold to the Bank of Monroe; that the judgment under which said sales were made had been appealed from devolutively, and that the judgment of the district court had been reversed; that, the appeal taken having been devolutive, "the Bank of Monroe was acting within its legal rights in causing the said judgment rendered in its favor to be executed"; that the sales caused by the Bank of Monroe, under a judgment which was subsequently annulled and reversed, had deprived the investment company of its property, valued at $50,000; that the bank should be compelled to restore the property thus illegally sold in restitution in integrum; that the bank had caused some of the property to be sold to a third person, and had sold other portions thereof to others; that the standing timber which was seized and sold was held by the company for a limited time only, and that this time had about expired; that same cannot be restored to the E. C. Drew Investment Company, which petitioner represents as liquidator; that the petitioner is entitled to the value of said property; that said bank is in liquidation, and he asks for a judgment for $50,000 against the liquidators of the defendant bank.

Petitioner annexed the entire record in the suit of "Bank of Monroe v. E. C. Drew Investment Company et al." to his petition and made it a part thereof.

The defendant liquidators of the Bank of Monroe excepted on the grounds:

(1) There is no authority in law for the

appointment of a liquidator of a partnership or an individual.

(2) That plaintiff is without authority to stand in judgment herein.

(3) That plaintiff's petition discloses no cause of action for the reason that the property alleged to have been sold under the writs is real estate, and the rights of plaintiff, if any he has, is to recover the property itself, and not its value.

(4) That plaintiff's petition discloses no cause of action for the further reason that the record shows that the property was sold "without warranty and without recourse."

(5) That the judgment attacked is res adjudicata, and, besides, cannot be collaterally attacked.

There was judgment overruling all these exceptions, except the plea of res adjudicata, which was sustained. The suit of plaintiff was dismissed; and he appeals.

### On Motion to Dismiss Appeal.

Defendants have moved to dismiss the appeal on the ground of the insufficiency of the record.

Since the motion to dismiss was filed, plaintiff has moved for, and the court has granted him, the privilege of using the record and transcript of appeal in the cause of Bank of Monroe v. E. C. Drew Investment Co. et al., 126 La. 1028, 53 South. 129, 33 L. R. A. (N. S.) 255 (No. 17846), on the docket of this court, as a part of the record in this case.

Nevertheless, there are absent from the record the "writs of fieri facias and returns thereon, notices of seizure and copies thereof, copies of advertisements of the sales, and procès verbaux of the sales with indorsements thereon, and also appraisements of the property," which were "attached to and made parts of the petition."

These documents are not copied in the transcript, and they do not form parts of record numbered 17846, or of any other record in this court to which any reference has been made.

But as the case is before the court on a judgment dismissing it on exceptions, and not disposing of it on the merits after trial, at which time the missing documents might have been produced, and as the record is sufficient to permit the case to be disposed of finally, the motion to dismiss is overruled.

Defendant has answered the appeal, and has asked that the exceptions overruled by the district judge be sustained.

There is no merit in the exception that the plaintiff could not stand in judgment. It was properly overruled.

The exception based on the fact alleged in the petition that the real property sold under the writ "was sold without warranty and without recourse" will not be considered. That fact may have appeared in certain documents attached to the petition, and made parts thereof, which are not in the record as made up. The court is not informed by the pleadings whether the property "was sold without warranty and without recourse" or not, and the exception will not be further considered.

The petition fails to show a cause of action. Plaintiff states that he "brings this petition as liquidator of the said E. C. Drew Investment Company." He does not appear for and on behalf of any of the partners of said company. He represents the company alone. He does not allege who the partners of said company were. He alleges that the Bank of Monroe on June 22, 1908, "in an action against the E. C. Drew Investment Company, Emanuel C. Drew, John E. Reynolds, John P. Parker, and R. B. Blanks, recovered judgment against the said E. C. Drew Investment Company, E. C. Drew, and John E. Reynolds in solido," etc.; but he does not allege that any of the persons named were partners in said company. He then alleges that certain property belonging to said company was sold in satisfaction of the judg-

ment, and that, under writs of fieri facias regularly · issued, the property was sold in due course and through legal process; and he makes no allegation whatever of invalidity against that judgment. He does allege that it (the judgment) was appealed from; but he does not allege with clearness that it was appealed from by the E. C. Drew Investment Company; and the company did not appeal. E. C. Drew took a devolutive appeal from said judgment in his own behalf, and J. E. Reynolds took a similar appeal in his behalf, but they did not appeal for and on behalf of the E. C. Drew Investment Company; and plaintiff does not allege that Drew and Reynolds, or either one, appealed for and on behalf of the E. C. Drew Investment Company. Reference to the records and decrees entered in those two cases, reported in 126 La. 1028, 53 South. 129, 33 L. R. A. (N. S.) 255, and 126 La. 1047, 53 South. 136, shows that the judgment in favor of the Bank of Monroe against the E. C. Drew Investment Company was not before the court on appeal in either of the two cases mentioned.

In one case the court say, "The defendant E. C. Drew appeals," etc. And the same is said with reference to the appeal of J. E. Reynolds. And again the court say:

"A rehearing was granted in this case because the court doubted whether, upon the facts presented, two former members of an ordinary partnership, that had been dissolved, should be held liable on a note issued in the name of the firm, by another former member, and without their knowledge," etc.

And in the decree it is held:

"That the judgment appealed from be annulled, avoided, and reversed; and that there now be judgment in favor of defendant Emanuel C. Drew, and against the plaintiff Bank of Monroe, rejecting the demand of the bank and dismissing this suit, at its cost, in both courts," etc. 126 La. 1028, 53 South. 129, 33 L. R. A. (N. S.) 255.

And a similar decree was entered on the appeal of Reynolds. 126 La. 1047, 53 South. 136.

The record attached to the petition, and made part thereof, shows that there is a final judgment, unappealed from, in favor of the Bank of Monroe and against the E. C. Drew Investment Company for a large sum; this, taken with the allegations in plaintiff's petition that said judgment had been regularly executed, shows that this suit for and on behalf of the E. C. Drew Investment Company, to recover $50,000 damages for the value of property legally taken and sold by the Bank of Monroe under that judgment, cannot be sustained. Plaintiff's petition discloses no cause of action against defendants.

It is unnecessary to consider the plea of res adjudicata.

The judgment appealed from on the plea of res adjudicata is reversed; and the suit is dismissed at plaintiff's cost in both courts.