CRÉDITO Y AHORRO PONCEÑO, DEMANDANTE Y APELANTE, *v.* BEIRÓ ET AL., DEMANDADOS Y APELADOS.

APELACIÓN procedente de la Corte de Distrito de Guayama en pleito sobre cobro de dólares (moción sobre desestimación de apelación).

No. 2957.—Resuelto en marzo 6, 1923.

DESESTIMACIÓN DE APELACIÓN — PARTE ADVERSA — NOTIFICACIÓN DE LA APELACIÓN.—A, B y C fueron demandados en cobro de una obligación mancomuuada y solidaria. Contra A y B se registró sentencia en rebeldía. Apelada por el acreedor la sentencia que absolvió del pago a C, solicitó éste la desestimación fundándose en que la apelación no se había notificado a A y B. *Se resolvió:* que siendo puramente personales las defensas que hizo el apelado en oposición a la demanda, las cuales ya se confirme o se revoque la sentencia no pueden afectar a los demandados rebeldes, es preciso concluir que éstos no eran partes adversas a quienes fuera necesario notificar la apelación, por lo cual la desestimación no procede.

Los hechos están expresados en la opinión.

Abogado de la apelante: *Sr. T. Bernardini.*

Abogado de los apelados: *Sr. C. Domínguez Rubio.*

EL JUEZ ASOCIADO SR. FRANCO SOTO, emitió la opinión del tribunal.

Se trata de una moción para desestimar la apelación interpuesta en este caso.

El apelado funda dicha moción en diversos motivos, pero todos ellos pueden condensarse en que dos de los demandados declarados en rebeldía no fueron notificados del escrito de apelación, y que siendo partes adversas al demandante y a quienes la sentencia dictada puede afectar en uno u otro

sentido, esta Corte Suprema no tiene jurisdicción sobre todas las partes en el caso.

El apelante se opuso a la moción; las dos partes fueron oídas, y el caso quedó sometido a nuestro estudio y resolución.

Conforme a las circunstancias del presente caso, es una sóla cuestión la que debemos resolver, y se refiere, a si realmente los demandados Patria Martínez de Vivaldi y Santiago Vivaldi y Santini declarados en rebeldía y contra quienes se dictó sentencia, son partes necesarias en la apelación, en el sentido de que dichos demandados pueden ser afectados en el presente caso por una modificación, revocación o confirmación de la sentencia que fué dictada a favor del demandado-apelado. El abogado de esta parte, cita en apoyo de su moción el art. 296 del Código de Enjuiciamiento Civil, que prescribe la forma en que se debe entender perfeccionada una apelación y además hace un estudio cuidadoso de la jurisprudencia de esta corte—así como de otros tribunales americanos en relación con la falta de notificación del escrito de apelación en casos en que intervienen varios demandados; pero esos casos sólo revelan de manera transparente y clara que las circunstancias que los rodean no son análogas al presente y que siempre se trata de partes necesarias en el pleito o partes contrarias que pueden ser afectadas por la modificación, revocación o confirmación de la sentencia que habrá de dictarse en la apelación.

En el caso que nos ocupa, la condición legal de los demandados es distinta. Aquí la demanda versa sobre el cobro de una obligación mancomunada y solidaria suscrita por los demandados, declarados en rebeldía y, el demandado Fernando Beiró a favor del demandante "Crédito y Ahorro Ponceño" para obtener el cobro de cierta cantidad de dinero. La demanda comprende a todos los demandados, pero al iniciarse el procedimiento, el emplazamiento fué solamente servido al demandado Beiró. Más luego, cuando ya había trans-

currido unos diecisiete meses de estarse tramitando y prosi-
guiendo el pleito, con motivo de las alegaciones y defensas del
demandado Beiró, el demandante hizo que se practicara el
servicio del emplazamiento a los demandados Patria Mar-
tínez de Vivaldi y Santiago Vivaldi Santini, a quienes por no
haber comparecido en forma alguna en los autos, se les anotó
la rebeldía y separadamente se dictó sentencia en su contra.

En una obligación de carácter solidario, como la que sirve
de base a la reclamación de este caso, el demandante estaba
autorizado, según el artículo 1111 del Código Civil, en rela-
ción con el 96 del Código de Enjuiciamiento Civil, para que
se condujera el procedimiento en la forma que fué practicado.
El mismo demandado-apelado se refiere en su alegato al ar-
tículo 1111 del Código Civil citado, y admite que cuando se
trata de obligaciones solidarias la acción puede dirigirse con-
tra cualquiera de los demandados o contra todos.   Pero al
mismo tiempo afirma que "estamos frente a una demanda con-
tra deudores solidarios y mancomunados que es distinto a
deudores solidarios."   Según esta interpretación parecería
inaplicable el artículo 1111 *supra,* a un caso como éste en que
la obligación esta redactada con las palabras: "Pagaremos
mancomunada y solidariamente."   Esta es una frase de uso
corriente en la confección de esta clase de obligaciones cuando
conmprenden más de un deudor y se quiere fijar la responsa-
bilidad de los diferentes deudores a prorrata o exigirla ín-
tegramente de cualquiera de ellos, en la forma que distin-
gue y dispone el artículo 1104 del Código Civil, que dice:

"Art. 1104.—La concurrencia de dos o más acreedores o de dos
o más deudores en una sóla obligación, no implica que cada uno de
aquellos tenga derecho a pedir ni cada uno de éstos deba prestar ínte-
gramente las cosas objeto de la misma.   Sólo habrá lugar a esto
cuando la obligación expresamente lo determine, constituyéndose con
el carácter de solidaria."

No ofrece dudas el texto de este artículo.   Establece que
la presunción de mancomunidad en él contenido sólo dejará

de aplicarse "cuando la obligación expresamente lo determina, constituyéndose con el carácter de solidario." Véase Manresa, tomo 8, p. 174. Y aquí la obligación a favor del demandante expresamente determina su carácter solidario, al consignarse en su texto las palabras "y solidariamente," satisfaciendo, por tanto, las exigencias de la ley para no aplicar la presunción de la responsabilidad mancomunada ya que lo que exige la ley es que conste de un modo expreso el carácter *in solidum* de la obligación.

En estas condiciones, y teniendo en cuenta que a pesar de las sentencias en rebeldía, de las que se ha hecho mención, el demandante no aparece que haya logrado hacer efectivo el derecho de su obligación, tales sentencias no eran un obstáculo para que la acción siguiera todos sus trámites contra el demandado Beiró, lo mismo en la corte inferior que en la de apelación, hasta que llegase a obtener una sentencia definitiva.

Es cierto que al continuarse el procedimiento contra Beiró, éste resulta absuelto por la sentencia de la corte inferior, pero de los méritos del caso aparece que las alegaciones del apelado en oposición a la demanda se refieren exclusivamente a defensas personales del mismo, las que en nada pueden afectar a los otros demandados, ya se confirme o se revoque la sentencia apelada, y en su consecuencia, los demandados Patria Martínez de Vivaldi y Santiago Vivaldi y Santini no pueden considerarse en el presente recurso como partes adversas a quienes debe servirse notificación del escrito de apelación conforme dispone el artículo 296 del Código de Enjuiciamiento Civil.

La moción debe desestimarse.

*Desestimada la moción.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Wolf, Aldrey y Hutchison.