BENNETT ET AL., DEMANDANTES Y APELADOS, v. BOSCHETTI ET AL., DEMANDADOS Y APELANTES.

APELACIÓN procedente de la Corte de Distrito de San Juan, Primer Distrito, en pleito sobre cobro de dinero.

No. 2804.—Resuelto en mayo 12, 1923.

COBRO DE DINERO—ALEGACIONES SUFICIENTES—CAUSA DE ACCIÓN.—Generalmente una demanda en que se alega que el demandado suscribió y entregó a la orden del demandante un pagaré, que se transcribe, y ha dejado de pagar su importe a su vencimiento, determina suficientemente una causa de acción; sin que el hecho de que siendo dos los firmantes del pagaré no se alegue la responsabilidad de cada uno, afecte a la causa de acción.

PAGARÉ—ALEGACIÓN—DEFENSA ESPECIAL—SENTENCIA SOBRE LAS ALEGACIONES.— Una contestación que, contiene bajo juramento y de consiguiente admite todas las alegaciones anteriormente negadas, puede no ser un impedimento para que se dicte sentencia sobre las alegaciones.

ID.—CONTRATO—CAUSA.—El hecho de que el demandado no recibiera beneficio alguno por razón del pagaré no significa que no hubiera causa para el contrato, pues cualquier detrimento para la parte contraria constituye una causa por valor.

ID.—ID.—SOLIDARIDAD.—De acuerdo con los artículos 1104 y 1105 del Código Civil las obligaciones de la naturaleza de un pagaré no pueden ser consideradas solidarias a menos que tal intención aparezca claramente del documento.

ID.—SENTENCIA—ENMIENDA.—Las cortes tienen dominio sobre sus sentencias y pueden enmendarlas *sua sponte* y sin previo aviso.

Los hechos están expresados en la opinión.

Abogados de los apelantes: *Sres. O. M. Wood, L. Janer y L. E. Dubón.*

Abogados de los apelados: *Sres. O. B. Frazer, N. Gammans y R. Castro Fernández.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

El demandado y apelante se queja de una sentencia basada en las alegaciones y alega haberse cometido varios errores.

En el primer señalamiento ataca el apelante la suficiencia de la demanda. Alegar que un demandado suscribió y entregó a la orden del demandante un pagaré, trancribir dicho pagaré en la demanda y alegar la omisión del demandado en pagar su importe a su vencimiento, como ocurre aquí, es generalmente la exposición suficiente de una causa de acción. La principal cuestión que levanta el apelante parece ser la de que había dos otorgantes y que en la demanda no se fija la responsabilidad de cada uno de ellos. Esto podría afectar al derecho de dictar sentencia solidariamente contra los dos demandados, pero no anularía el derecho de acción de la demandante contra los demandados mancomunadamente. Discutiremos esta cuestión más ámpliamente al revisar otro señalamiento de error.

El segundo señalamiento de error es el que ha originado la mayor dificultad y esto es debido a la aparente jurisprudencia de California al efecto de que no puede dictarse una

sentencia sobre las alegaciones cuando en la contestación se niegan las alegaciones esenciales de la demanda, aun cuando dicha contestación alegue una defensa especial expuesta separadamente y en la que se admiten las alegaciones ante-riormente negadas. *Botto* v. *Vandament,* 67 Cal. 332 y casos u otras declaraciones semejantes, 3 Estee's Pleading 196, *Hicks* v. *Lovell,* 64 Cal. 17, *McDonald* v. *So. Cal. Railway Co.,* 35 Pac. 643; *Miels* v. *Woodward,* 46 Pac. 1077; *Dibble* v. *Reliance Ins. Co.,* 149 Pac. 171. No pretenderemos analizar estos casos en detalle. Los casos abarcan claramente la pro-posición de que pueden alegarse defensas inconsistentes, aun cuando estén jurados los hechos, pero no estamos satisfechos de que dichos casos llegan al punto de decir que una contes-tación, aun cuando sea especial, que alega bajo juramento y de este modo admite todas las alegaciones anteriormente negadas pueda impedir que se dicte una sentencia sobre las alegaciones. No creemos que estaríamos dispuestos a seguir a California hasta ese extremo, y otros Estados que tienen estatutos más o menos semejantes al nuestro adoptan un cri-terio diferente del de California.

En el caso de *Bowers* v. *Good,* 100 (Wash.) Pac. 848, se excluyen de las defensas inconsistentes los casos donde hay únicamente una inconsistencia aparente o lógica. Expresa el sumario, y la práctica de ese Estado parece ser, que sólo han de ser consideradas inconsistentes las defensas "cuando una serie de hechos contradice a la otra." Se citan otros casos de ese Estado.

. La Corte Suprema de Montana, en el caso de *Johnson* v. *Butte & Superior Co.,* 108 Pac. 1059, se expresa como sigue: "Esta corte ha reconocido el derecho del demandado a in-terponer defensas inconsistentes, etc., pero nunca ha lle-gado al punto de decir que tales defensas pueden llegar a ser tan inconsistentes que si las alegaciones de una son ciertas las alegaciones de la otra deben por necesidad ser falsas." Y también al hablar de ser necesarias las alegaciones jura-

das, "pero al permitirse a un demandado consignar en su contestación tantas defensas como tiene, nunca se intentó sancionar o favorecer el perjurio." La corte citó con aprobación la regla de que el demandado puede alegar defensas inconsistentes con tal que no fueran tan incompatibles que necesariamente conviertan a una u otra en absolutamente falsas y explicaba lo que han debido tener presente Pomeroy y Elliot, o sea, los Estados donde no se requiere que las alegaciones sean juradas. "Nos parece que es el colmo de lo absurdo decir que la admisión casual hecha por un demandado en la calle pueda presentarse como prueba contra él, pero que su solemne admisión hecha deliberadamente y bajo juramento, en una alegación que requiere la exposición verdadera de los hechos no puede ser utilizada en su contra." La misma corte insistió en estas distinciones en el caso de *O'Donell* v. *City of Butte,* 119 P. 283.

Semejante razonamiento puede hallarse en el caso de Oregón, *Peters & Roberts Furniture Co.,* v. *Queen City Fire Ins. Co.,* 126 Pac. 1006, y una explicación del conflicto aparente puede verse en la nota detallada del caso de *Seattle National Bank* v. *Jones* (Wash.) 48 L. R. A. 207. La inconsistencia debe ser una de hecho y no meramente porque las defensas tal vez no pueden coexistir.

Con estos antecedentes examinemos la demanda y la contestación. Son como sigue:

"1. Que la demandante es mayor de edad, casada con Edwin K. Bennett, sin profesión especial, vecina de esta ciudad de San Juan, y los demandados son mayores de edad, y capaces de demandar y ser demandados.

"2. Que allá, por el día 6 de diciembre de 1917, los demandados suscribieron y entregaron a la demandante entonces soltera, por valor, un pagaré que copiado literalmente dice así:

" '$1750.00—San Juan, Dec. 6th., 1917.—Six months after date, we promise to pay to the order of Mary E. Edick, One thousand seven hundred & fifty Dollars at Banco Territorial y Agrícola

Value received with interest at 10%.  (Fdo.)   C. Boschetti.  (Fdo.) H. Boschetti.'

"3. Que la demandante al vencer dicho documento, lo presentó a los demandados y les requirió a su pago, pero los demandados se negaron y se niegan pagar su importe ni ninguna parte de ello.

"4. Que los intereses correspondientes desde el día 6 de diciembre de 1917, hasta la fecha de esta demanda alcanza hasta $611.68.

"CONTESTACIÓN.—Primero: Que admite ser mayor de edad, con capacidad para demandar y ser demandado; admite asimismo que la demandante es mayor de edad, casada con Edwin K. Bennett, y niega todos los demás hechos alegados en el hecho 1 de la demanda.

"Segundo: Que admite haber suscrito en unión al otro demandado, un pagaré por la cantidad alegada, a favor de la demandante, niega que la entrega de dicho pagaré lo hiciera este demandado por valor, y niega asimismo, por carecer de información y creencia suficientes que la copia literal del pagaré en cuestión, sea la que aparece transcrita en el hecho 2 de la demanda.

"Tercero: Que niega que la demandante al vencer dicho pagaré le presentara o requiriera a su pago; niega que en época alguna este demandado se haya negado a pagar su importe o alguna parte del pagaré en cuestión, negando por información y creencia las demás alegaciones del hecho 3 de la demanda.

"Cuarto: Que niega que los intereses correspondientes desde el 6 de diciembre de 1917, hasta el día de la fecha de la demanda sea la cantidad alegada en el hecho 4 de la demanda.

"Y alega el demandado como primera defensa afirmativa que allá por el año 1917, el padre de la demandante, Samuel D. Edick, y el hijo de este demandado, el otro demandado en este pleito, Helvetio Boschetti, estaban trabajando en sociedad, y tenían un negocio que giraba bajo la razón social de S. E. Edick & Co.

"Que en ocasión en que el mencionado Samuel D. Edick, padre de la demandante, estaba apurado de fondos, y obligado a pagar ciertas deudas personales suyas, suplicó de este demandado, suscribiera, por mera fórmula, con el otro demandado, el pagaré en cuestión, para que su hija, la demandante, le prestara el dinero que necesitaba, ya que ésta se negaba a facilitarle ese dinero a su padre, sin un pagaré.

"Que el demandado, de buena fe, y para ayudar en su apuro al padre de la demandante, y por haberle asegurado dicho señor, que

él pagaría dicho dinero, no tuvo inconveniente en suscribirlo, al igual que su hijo, el otro demandado.

"Que posteriormente, en una investigación que hizo el Lcdo. Henry G. Molina, de esta ciudad, compareció este demandado en unión del Sr. Edick, y allí y entonces, el mencionado Edick, confesó y reconoció que este demandado no había recibido lucro alguno del pagaré suscrito; que este demandado no había recibido valor alguno en cambio de él; y que por el contrario, él, el Sr. Edick, fué quien recibió el dinero, de la demandante, beneficiándose de la mayor parte de dicho dinero, en asuntos personales.

"Que al poco después, y en presencia del Lcdo. Andrés B. Crosas de esta ciudad, el propio Sr. Edick, ratificó en todas sus partes su confesión anterior, reconociendo nuevamente que este demandado no había recibido lucro alguno en ninguna forma por concepto del pagaré suscrito; que este demandado no había recibido valor alguno en cambio de él, agregando después, que él, (el Sr. Edick), había recibido el dinero, y había cogido para sí, y gastado en asuntos personales suyos, mil doscientos dollars de la cantidad recibida, y que este demandado no había recibido ni siquiera un centavo de dicho dinero, ya en efectivo o en cualesquiera otra clase de valores.

"Y alega como segunda defensa afirmativa que la demandante nunca y en ninguna época ha presentado o requerido a este demandado al pago de dicho pagaré o cualquiera parte de él, pues ella, como conoce todos los hechos y particulares en este caso, esperaba el pago de dicho dinero de su padre, según información y creencia que este demandado cree verídica.

"Y alega como una tercera defensa afirmativa que este demandado nunca y en ninguna época se ha negado a reconocer como suya, la firma suscrita al pagaré en cuestión, como maliciosamente alegó una vez la demandante y su esposo, con el marcado propósito de perjudicar la honradez y el buen nombre del hijo de este demandado, que es el otro demandado en este pleito."

En las alegadas defensas afirmativas aparece positivamente bajo juramento que la señora Bennett no anticiparía el dinero a menos que el demandado firmara. En ausencia de fraude, el hecho de que el padre de ella había de ser el beneficiado no podía afectarle y si el dinero era de ella, como se alega, había una causa por valor. No hay indicación al-

guna de que el dinero perteneciera al padre de ella. El demandado está en la idea errónea de que porque él no recibía ningún beneficio no había causa alguna para el contrato, pero como indica la apelada, cualquier detrimento para la parte contraria es una causa por valor. Código Civil, artículo 1241; 13 C. J. 311.

Examinando estas defensas más minuciosamente se verá que no hubo ninguna negativa general, como ocurrió en los casos de California. La única cosa esencial a la causa de acción que fué negada primero era la consideración. De modo que la defensa especial de falta de causa era equivalente a y compatible con la primera defensa. Las defensas no eran incompatibles y los hechos para probar la demanda alegados en la defensa especial estaban al alcance del demandante. La contestación en totalidad puede ser interpretada conjuntamente.

Las otras defensas alegadas eran completamente frívolas. No importa si se hizo un requerimiento o si el demandado había negado o no su firma. Estas defensas, además, hubieran sido compatibles y no incompatibles con una negativa general.

*Smith* v. *Gale,* 144 U. S. 524, era un caso en el cual el asunto en general fué considerado. Sin tener en cuenta las contestaciones juradas la corte llamó la atención a que cuando se alegaba una negativa general y una defensa incompatible especialmente, la admisión de una no podía usarse para anular la otra. Pero el caso era distinto cuando la nueva materia no alega ninguna defensa inconsistente.

Por tanto, debemos resolver que la corte estuvo justificada al declarar probado que la causa de acción de los demandantes había sido admitida bajo juramento en la contestación y por consiguiente que la demandante tenía derecho a una sentencia sobre las alegaciones. Esto también resuelve el tercer señalamiento de error.

El sexto señalamiento de error se refería al hecho de que la sentencia definitiva fué dictada contra el demandado por toda la suma envuelta. Convenimos con el apelante en que de acuerdo con los artículos 1104 y 1105 del Código Civil una obligación de la naturaleza de un pagaré no puede ser considerada como que es *in sólidum* a menos que aparezca claramente tal intención en el documento. El apelado no nos cita nada en contrario pero meramente afirma que esta es una obligación comercial y que está sujeta al Código de Comercio. Sin embargo, no encontramos nada en este Código en oposición a los artículos 1104 y 1105, *supra,* los cuales son la ley en esta jurisdicción. La sentencia, por tanto, debe ser modificada.

Debido a tal modificación será innecesario considerar extensamente los señalamientos 4 y 5. La corte dictó sentencia contra ambos demandados y entonces descubrió que sólo había sido notificado el apelante, de modo que la corte modificó su sentencia *nunc pro tunc,* sin notificar a este apelante. Este último había sido oído en corte a virtud de la moción para que se dictara sentencia sobre las alegaciones. La corte, nos inclinamos a resolver, tenía control de su sentencia y podía corregirla *sua sponte* y sin aviso. El único perjuicio para el demandado que podemos ver es el que ahora consideramos, o sea, que la corte no tenía derecho a dictar sentencia por la suma total y únicamente por la mitad de la misma.

El séptimo señalamiento se refiere al hecho de dictarse sentencia en general y comprende cuestiones que ya hemos considerado.

La sentencia debe ser modificada a fin de hacer responsable al apelante por la mitad de la suma reclamada, y así modificada, corfirmada, pero sin costas en la corte inferior.

*Confirmada la sentencia apelada modificándola.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Aldrey y Hutchison.

El Juez Asociado Sr. Franco Soto no intervino en la resolución de este caso.