Stubbe Brothers, Inc., demandante y apelante, *v.* J. Agustín Díaz, demandado y apelado. Stubbe Brothers, Inc., demandante y apelada, *v.* J. Agustín Díaz, demandado y apelante.

Nos. 5183 y 5184.—*Sometidos:* Enero 15, 1931. *Resueltos:* Febrero 3, 1932.

*A. Lastra Charriez,* abogado del Sr. Díaz; *E. Rincón* y *A. Arroyo Rivera,* abogados de Stubbe Brothers.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

De la evidencia en este caso no tenemos duda de que J. Agustín Díaz y Domingo Quintana firmaron un pagaré a favor de Stubbe Bros., Inc., la demandante en este caso. La demandante trata de obligar a J. Agustín Díaz solamente, al pago de la obligación. La corte en realidad resolvió que la responsabilidad de los dos otorgantes era mancomunada, y que J. Agustín Díaz sólo era responsable de la mitad de la cantidad por que se demandó.

No nos cabe duda ·de que J. Agustín Díaz compró mercancías a la demandante y era originalmente responsable de la totalidad de la suma por la cual se otorgó posteriormente el pagaré.

La demanda alegó un pagaré ordinario que los dos firmantes suscribieron manifestando simplemente ''pagaremos''. Eso era .presuntivamente mancomunado, y no solidario y mancomunado. Durante el juicio, sin embargo, la

demandante presentó el pagaré que resultó estar interlineado con la frase "solid. y mancomunadamente."

La demandante presentó prueba tendente a demostrar que esta interlineación fué hecha antes de firmarse el pagaré. Por lo tanto, la demandante solicitó de la corte durante el juicio que permitiera una enmienda a la demanda. La corte no accedió apoyándose en la teoría de que el caso no era adecuado para una enmienda que variaría enteramente la causa de acción. Evidentemente, la corte no creyó que la demandante había establecido suficientemente el hecho de que la interpolación se hizo antes de suscribirse el pagaré. Necesariamente si la corte no creyó que lo interpolado era genuino o que se había probado que lo fuera, estuvo justificada al negarse a permitir la enmienda. Cuando la demanda alega una causa de acción mancomunada, la corte tendría alguna razón para dudar de si los cambios se hicieron antes de suscribirse el instrumento, máxime cuando hubo prueba tendente a demostrar que en realidad no fué firmado con la interlineación. La corte, no obstante, basó en parte su fallo en la costumbre de salvar las interpolaciones. Hasta ahora, no hallamos costumbre o ley en ese sentido, excepto cuando se trata de documentos notariales.

La jurisprudencia general es que cuando se hace una interlineación, ésta *prima facie* no prevalecerá. Desde luego, hay casos en que cuando lo interpolado aparece haber sido claramente hecho por la misma persona entonces tal vez la corte tiene derecho a creer que todo se hizo al mismo tiempo. Las partes siempre tienen derecho a demostrar que la interpolación se efectuó antes de firmarse el pagaré. Por supuesto, nos referimos a cambios materiales, pues los inmateriales no afectan la validez del instrumento. Según entendemos, las interlineaciones tampoco han de destruir el efecto del documento, una vez descartadas aquéllas. *McMicken* v. *Beauchamp,* 2 La. 291; *Wheadon* v. *Turregano,* 112 La. 931, 36 So. 808; 2 C. J. 1231 et seq., secciones 102, 104, 214 y 216.

■ No ponemos en tela de juicio la declaración de la corte de que, de su faz, el pagaré no era mancomunado y solidario.

Ello no obstante, creemos que debe revocarse la sentencia. Hay varias teorías sobre las cuales podría fundarse la actuación de este tribunal. Preferimos, empero, basar nuestra conclusión en la teoría de que si bien Domingo Quintana firmó el pagaré mancomunadamente con J. Agustín Díaz, sin embargo, en lo que a las partes entre sí respecta, la responsabilidad de Quintana era solamente la de un garantizador. Cuando dos personas suscriben un pagaré, el tenedor del mismo no está obligado a reconocer la relación entre los suscribientes, sino que puede demandarlos a ambos como principales. En este caso se trasluce claramente que Domingo Quintana simplemente firmó el pagaré como fiador, y bajo las circunstancias. la demandante tenía derecho a considerar las verdaderas relaciones entre las partes y a optar por demandar a J. Agustín Díaz por el importe total, toda vez que él era primariamente responsable.

■■ Una de las teorías de la demandante es que había dos causas de acción alegadas en la demanda, una por la mercancía vendida y entregada al demandado y la otra por el pagaré; o, en otras palabras, según lo ha expresado la demandante, que la demanda contenía dos narraciones (*counts*).

Un examen de la demanda nos convence de que ni en forma ni en substancia contenía lo que se conoce como dos narraciones (*counts*) pero sí contenía una relación de todos los hechos. Lo que se dice en el segundo párrafo respecto a la mercancía podría considerarse como una mera expresión del origen de la obligación. Por otra parte, tenemos alguna duda de si cuando no se salda un pagaré no revive la obligación original. Tal vez no había una necesaria inconsistencia en lo concerniente a J. Agustín Díaz, ya fuera demandado por la mercancía vendida y entregada, o por el pagaré, y, desde luego, Domingo Quintana no podría quejarse porque se desistiera en definitiva del pleito contra él.

No aparece que hubiese una verdadera novación de la obligación original, porque a tenor del artículo 1172 del Código Civil la novación no surge a menos que así se declare o que la vieja y la nueva obligación sean de todo punto incompatibles. No deseamos basar específicamente nuestra opinión en este motivo, porque estos principios no han sido suficientemente tratados o desarrollados en los alegatos de las partes.

■ Quizá haya otra teoría ligeramente distinta en que fundar una sentencia total contra J. Agustín Díaz. Si la demandante hubiera entablado pleito y obtenido sentencia contra J. Agustín Díaz y Domingo Quintana, éste tendría una causa de acción contra J. Agustín Díaz. Entonces podríamos preguntarnos si Stubbe Brothers, Inc., no se subrogó en los derechos de Domingo Quintana contra J. Agustín Díaz, y si para impedir una multiplicidad de pleitos pudo haberlo demandado directamente. Este principio lo sugiere el caso de *Keller* v. *Ashford*, 133 U. S. 610.

■ J. Agustín Díaz también apeló de la sentencia y radicó un alegato elaborado, pero no estamos convencidos, a virtud de teoría alguna, de que él pudiera eludir responsabilidad, a causa de imperfecciones en el pagaré o en su manera de presentarlo en el juicio, o con motivo de cualesquiera relaciones entre las partes. No tenemos duda, según hemos consignado, de que J. Agustín Díaz en realidad recibió la mercancía. Si por cualquier motivo el pagaré otorgado por él era nulo, entonces surgiría claramente una causa de acción contra él por la mercancía que los autos demuestran le fué entregada.

*Debe modificarse la sentencia apelada en el sentido de condenar al demandado a pagar a la demandante la cantidad de $4,057.31, importe del pagaré, con intereses al 12 por ciento anual a partir de junio 30, 1926; quedando subsistente en todo lo demás.*