REGINO ROSARIO, Plaintiff and Appellee, v. OTILIO SANDOVAL, Defendant and Appellant.

No. 8441. Argued April 28, 1942.—Decided May 18, 1942.

*José E. Díaz* for appellant.  *L. Mercader* for appellee.

Mr. Justice Snyder delivered the opinion of the court.

The district court entered judgment in favor of Regino Rosario against Otilio Sandoval in a suit on a $1,000.00 promissory note. The note recited that "we shall pay to Carmen Cardona or to her order" $1,000.00, and was signed "V. Ramos Muñiz, Debtor.—V. Ramos Casellas, Guarantor and principal payer,.—Otilio Sandoval, Guarantor and principal payer."

Otilio Sandoval in his verified answer denied execution of the note. Nevertheless, he testified at the trial that he had executed the note, but insisted that the words "guarantor and principal payer" had been thereafter inserted under his signature without his knowledge. The plaintiff and Carmen Cardona, his wife, testified that these words appeared in typewriting under the defendant's signature when delivered by the debtor. The district court believed the testimony of the plaintiff and his wife, basing this belief in part on the physical appearance of the note. The appellant has not included the original note in the record. We are therefore unable to conclude that the district court erred in this respect.

■ The contention that the suit should have been filed by Carmen Cardona cannot be sustained. The testimony was that the plaintiff has been her husband since 1921. As the administrator of the conjugal partnership, he was clearly entitled to file this suit.

■ The lower court, however, erred in entering judgment against Otilio Sandoval for the entire amount of the note. Under §§ 1090 and 1091 of the Civil Code (1930 ed.), an obligation cannot be considered to be *in solido* unless such an intention clearly appears in the instrument. *Bennett et al.* v. *Boschetti et al.*, 31 P.R.R. 809, 815. In the absence of any provision in the note to the contrary, each of the guarantors in this case was liable only for one-half of the principal of the note. *Stubbe Bros., Inc.* v. *Díaz*, 43 P.R.R. 75.

■ This note was executed and delivered in 1926. The Uniform Negotiable Instruments Act, enacted in 1930, provides that it shall "not apply to negotiable instruments made and delivered prior to the taking effect hereof". (§547, Code of Commerce, 1932 ed.). We are therefore not called on to consider in this case the effect of that Act on the presumption found in §1091 of the Civil Code. See §370, par. 7, and §421, Code of Commerce, 1932 ed. When that question does arise, it may be appropriate to determine, among other things, the exact legal content of "joint", "several", and "joint and several", under the common law as against *"mancomunada"* and *"solidaria"* in the civil law. See *Groves* v. *Sentell*, 153 U. S. 465, 476; *Drew* v. *Bank of Monroe et al.*, 51 So. 683 (La.); *Dodd* v. *Lakeview Motors, Inc.*, 149 So. 278 (La.); Manresa, *Comentarios al Código Civil Español*, vol. 8, p. 175 *et seq.;* Restatement, Contracts, § 111 *et seq.;* Williston on Contracts, Revised Edition, vol. 2, §§ 316–324, 327–330, 332–334, 337, and 345. *Cf. Crédito, etc.* v. *Beiró et al.*, 31 P.R.R. 574.

The judgment of the district court provided for payment by the appellant of $1,000.00, with 6% interest from the date of the filing of the complaint, attorney's fees of $100.00, and

costs. The judgment will be modified to provide for payment only of $500.00, with 6% interest on $500.00 from the date of the filing of the complaint, costs and $50.00 for attorney's fees. As thus modified, the judgment will be affirmed.