Regino Rosario, demandante y apelado, *v.* Otilio Sandoval, demandado y apelante.

Núm. 8441.—*Sometido:* Abril 28, 1942. *Resuelto:* Mayo 18, 1942.

*José E. Díaz,* abogado del apelante; *L. Mercader,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

La corte de distrito dictó sentencia a favor de Regino Rosario y contra Otilio Sandoval en un pleito sobre un pagaré de $1,000. El pagaré expresaba que "pagaremos a Carmen Cardona o a su orden" $1,000, y estaba firmado "V. Ramos Muñiz, Deudor.—V. Ramos Casellas, Garantizador y principal pagador,.—Otilio Sandoval, Garantizador y principal pagador."

Otilio Sandoval en su contestación jurada niega el otorgamiento del pagaré. Sin embargo, declaró durante el juicio que él había otorgado el pagaré, pero insistió en que las palabras "garantizador y principal pagador" habían sido posteriormente insertadas bajo su firma sin él saberlo. El demandante y Carmen Cardona, su esposa, declararon que estas palabras aparecían escritas a máquina bajo la firma del demandado cuando el deudor entregó el pagaré. La corte de distrito dió crédito al testimonio del demandante y su

esposa, fundando su creencia en parte en la apariencia física del pagaré. El apelante no ha incluído el pagaré original en el récord. Por tanto no podemos concluir que la corte de distrito erró a este respecto.

◼ No puede sostenerse la contención de que el pleito debió haberse radicado por Carmen Cardona. Las declaraciones fueron al efecto de que el demandante había sido su esposo desde 1921. Él estaba autorizado claramente a radicar este pleito como administrador de la sociedad de gananciales.

◼ Sin embargo, la corte de distrito cometió error al dictar sentencia contra Otilio. Sandoval por la suma total del pagaré. Según los artículos 1090 y 1091 del Código Civil (ed. 1930) una obligación no puede ser considerada como que es *in solidum* a menos que aparezca claramente tal intención en el documento. *Bennett et al.* v. *Boschetti et al.*, 31 D.P.R. 855, 862. En ausencia de disposición alguna en el pagaré en contrario, cada uno de los garantizadores en este caso era responsable solamente por la mitad del principal del pagaré. *Stubbe Bros., Inc.* v. *Díaz*, 43 D.P.R. 79.

◼ Este pagaré fué otorgado y entregado en 1926. La Ley Uniforme de Instrumentos Negociables, aprobada en 1930, dispone que sus disposiciones "no son aplicables a los documentos negociables extendidos y entregados con anterioridad a su vigencia." (Artículo 547, Código de Comercio, edición 1932). Por tanto, no estamos llamados a considerar en este caso el efecto de esa ley sobre la presunción que encontramos en el artículo 1091 del Código Civil. Véase artículo 370, párrafo 7, y el artículo 421, Código de Comercio, Ed. 1932. Cuando se levante esta cuestión, posiblemente sería apropiado el determinar, entre otras cosas, el exacto significado legal de "joint", "several" y "joint and several", bajo la ley común frente a "mancomunada" y "solidaria" en el derecho civil. Véanse *Groves* v. *Sentell*, 153 U. S. 465, 476; *Drew* v. *Bank of Monroe et al.*, 51 So. 683 (La.); *Dodd*

v. *Lakeview Motors, Inc.*, 149 So. 278 (La.) ; Manresa, *Co-mentarios al Código Civil Español*, Vol. 8, pág. 175, *et seq.; Restatement, Contracts*, Secciones 111 *et seq.;* Williston *on Contracts,* Edición Revisada, Vol. 2, Secciones 316–324, 327–330, 332–334, 337, 345. *Cf. Crédito, etc.* v. *Beiró et al.*, 31 D.P.R. 605.

· La sentencia de la corte de distrito proveía que el apelante pagara la cantidad de $1,000 con intereses al 6 por ciento desde la fecha de la radicación de la demanda, $100 para honorarios de abogado y las costas. *La sentencia será modificada proveyendo para el pago de solamente $500, con intereses al 6 por ciento sobre dicha cantidad desde la fecha de la radicación de la demanda, más las costas y $50 para honorarios de abogado. -De esta manera modificada, la sentencia será confirmada.*