## TIERCE v. UNITED GAS PUBLIC SERVICE CO., Inc.*

### No. 5155.

Court of Appeal of Louisiana. Second Circuit.

Dec. 13, 1935.

Henry F. Turner, of Shreveport, for appellant.

Blanchard, Goldstein, Walker & O'Quin, of Shreveport, for appellee.

DREW, Judge.

This is a compensation suit in which plaintiff alleged that he was injured in an accident on April 19, 1933. Suit was filed December 6, 1934, nineteen months and seventeen days after the date of the alleged accident. Defendant filed a plea of prescription of one year, which was sustained by the lower court, and plaintiff has appealed.

■ In Dodd v. Lakeview Motors, 149 So. 278, this court held that the burden of showing the interruption of prescription is on the plaintiff when on the face of the pleadings prescription has run. The year within which to file a suit for compensation having expired without suit being filed, the claim is forever dead. It is really a peremption, and not a true prescription.

Plaintiff relies upon section 16, subd. 1, of Act No. 20 of 1914, whch provides as follows:

"Be it further enacted, etc., That in case an injured workman is mentally incompetent or a minor, or where death results from the injury, in case any of his dependents as herein defined is mentally incompetent or a minor, at the time when any right, privilege or election accrues to him under this act, his duly qualified curator or tutor, as the case may be, may, in his behalf, claim and exercise such right, privilege or election, and no limitation of time, in this act provided for, shall run, so long as such in-

competent or minor has no curator or tutor as the case may be."

■ The above section clearly implies that one shall be so mentally incompetent as to justify and call for the appointment of a curator by a civil interdiction. We are sure from the testimony in this case that plaintiff was not in such a mental condition after June 2, 1933, which was more than one year prior to the filing of suit.

Plaintiff claims to have been injured in an accident on April 19, 1933. The following day he "fell out" and was confined to his bed at home for a period of about ten days, when he became so violent that he was transferred to the Veterans' Hospital at Alexandria, La., and placed in the mental ward where he was treated for a period of about thirty days and temporarily discharged. He was taken back home, and after about two months returned to the hospital, from which he was fully discharged on June 2, 1933, with instructions to his wife to keep him as quiet as possible. Plaintiff was highly nervous from the day after the accident until discharged from the hospital, and for a period of time, at first, was unable to speak and certain members of his body were paralyzed. While he could not speak, he could hear and made his wants known by writing. It is not claimed that he wrote irrationally, or that after he regained his speech he talked irrationally. The experts who testify all agree that plaintiff was suffering from a disease known as hysteria. The experts in this line testify that hysteria does not cause one to be irrational and does not affect the mind to such an extent as to prevent one from attending to his business affairs. The expert testimony is overwhelmingly to the effect that plaintiff, after his discharge on June 2, 1933, from the Veterans' Hospital at Alexandria, was a capable mentally of attending to his business affairs.

To rebut this testimony, we have the testimony of members of plaintiff's family that he was morose and would not carry on a conversation, and that he remained at home most of the time. His wife transacted whatever business he had.

Dr. Pou, who attended plaintiff soon after his discharge from the hospital, testified in the case and does not at any time state that there was anything mentally wrong with plaintiff.

The entire evidence offered by plaintiff as to his mental condition after June 2, 1933, is not sufficient to have secured a civil interdiction in any court; and certainly, when considered with the other evidence of the experts offered by defendant, is not sufficient to overcome the burden which was on plaintiff to show by a preponderance of the evidence that he was mentally unfit to attend to his business affairs up to a time within one year prior to the filing of this suit. The preponderance of the testimony is that he was mentally competent after June . 1933, which was more than a year prior to the filing of this suit, and his claim for compensation had perempted and was forever lost.

We therefore conclude that the judgment of the lower court is correct, and it is affirmed.

