GLADNEY, Judge.
Willie H. Brewster brought this suit against his former employer, City of ■Shreveport, for the recovery of workmen’s compensation, alleging total disability from an employment injury that occurred on July 18, 1956. Prior to a trial on the merits a plea of prescription filed by defendant was sustained by the trial court. This ruling was reversed by this court (108 So.2d 801), and the case remanded for a trial, which resulted in a judgment in favor of plaintiff for compensation as prayed for, hence this appeal.
The defenses urged in the trial court and presented on appeal are twofold. It is contended first, that plaintiff has not proved he has any disability which was caused by the accident; and second, that on the basis of facts presented at the trial, it was error to overrule the plea of prescription.
Plaintiff, forty-six years of age, with a satisfactory work record as an employee of the City of Shreveport and Parish of Caddo since 1951, while performing the duties of his employment on July 18, 1956, lifting a heavy garbage pail, felt a sharp back pain which he immediately complained of to his co-workers, and later reported to his foreman. He continued to work with pain and his work became increasingly more unsatisfactory. Regular wages were paid him until he voluntarily terminated his employment on September 29, 1958.
When Brewster returned to his home on July 18th following the accident, his wife endeavored to relieve his pain by applications of rubbing alcohol and heat pads. He promptly went to see his physician, Dr. John F. Hall, who had previously been treating him for prostatitis since May 26, 1956. Later he was referred to Drs. D. F. Overdyke and E. C. Simonton, orthopedists. All three of these doctors testified in the case.
Dr. Hall testified that as of July 18, 1956, the condition of plaintiff’s prostate had improved but upon an examination following that date he found muscle spasm in the back which caused him to make a diagnosis of back strain and this was his unaltered opinion at the time of the trial.
*231 Drs. Overdyke and Simonton considered plaintiff totally disabled and both were of the opinion the back injury complained of by the employee could account for the disabling condition. Dr. Overdyke’s opinion was qualified by his finding of an arthritic condition which he testified was probably developmental and not attributable to the injury, and he said this could account for the back pain.
At the request of defendant, plaintiff was examined by Drs. Gene Caldwell and T. M. Oxford, orthopedic specialists. We do not have the benefit of Dr. Caldwell’s testimony for he died prior to the trial. Dr. Oxford examined Brewster on April 17, 1959. His conclusion was that plaintiff had sustained a sprain or strain of the back, which had healed.
The lay and medical testimony fully supports the findings of the trial judge that plaintiff sustained an accidental injury on July 18, 1956, resulting in a strain of his back from which he has been totally disabled since September 29, 1956.
[2] The fact that plaintiff’s employment disability was complicated by prostatitis does not affect plaintiff’s right of recovery. In Guillory v. Reimers-Schneider Co., Inc., La.App.1957, 94 So.2d 134, 136, the court commented on this point, stating:
“The employee’s disability is fully compensable when precipitated by the: industrial accident, even though caused also by a contributing pre-existing or previously dormant physical condition or predisposition.” (Cases cited).
This pronouncement was approved recently in Ceasar v. Calcasieu Paper Company, Inc., La.App.1958, 102 So.2d 314, 316.
The final contention of appellant is predicated on the one year period of limitation, provided in LSA-R.S. 23:1209, which reads in part:
“ * * * where the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until the expiration of one year from the time the injury develops * *
In our previous consideration of this plea which then was predicated upon the allegations of the petition, we expressed our views upon the legal aspects of the statute as reflected in the light of our jurisprudence. The' renewal of the defense, this time predicated upon the evidence adduced upon the trial, finds our views equally apropos, the evidence merely having substantiated the allegations of plaintiff’s petition.
The facts as established in this suit show Brewster sustained an injury on July 18, 1956, and that he continued his work at irregular intervals until September 29, 1956, at which time he became unable to continue the performance of his duties and was forced by reason of total disability to terminate his employment. Thus, in our opinion, the date of the development of the injury must be held to be September 29, 1956, which was the beginning of the prescriptive period. This suit was filed on September 16, 1957, and, therefore, was within one year of the period of limitation prescribed in LSA-R.S. 23:1209.
It is our conclusion that the judgment considered on this appeal is not manifestly erroneous, and, therefore, it is affirmed. Appellant is cast for costs for which it is not exempt under LSA-R.S. 13:4521.