HARDY, Judge.
This is a compensation claim initiated by plaintiff against his employer and its insurer, and he appeals from judgment sustaining a plea of prescription of one year interposed by defendants and dismissing his suit.
The facts established by trial on the issue of prescription are without any substantial dispute. Plaintiff, a 61-year old carpenter, sustained an injury on September 9, 1960, while engaged in the performance of his occupation in the employ of Nichols Construction Company. The accident was caused by a power saw which was being operated by plaintiff, and the injury was immediately diagnosed by the company physician, Dr. Tom J. Smith, as an avulsion of the greater portion of the inner aspect, distal phalanx of the right index finger with a small laceration of the tip of the right thumb. Plaintiff was treated by Dr. Smith, whose report showed that he was pronounced able to resume work as of September 13, 1960, and discharged as cured on October 10, 1960. Despite the indication of this report as to the ability to resume work, it was established by plaintiff’s own testimony that he continued to work without interruption until he was discharged by his employer by reason of a reduction in the work force. Subsequently, plaintiff worked for a number of employers and for a period of several months returned to work for the Nichols Company. The testimony of plaintiff positively establishes the fact that the brief periods in'which he had been without employment for some two years following the accident had no connection with his injury nor was he ever discharged from any employment because of inability to perform the work of a carpenter.
Plaintiff’s original petition, which was filed August 23, 1962, alleged that he was uninformed of the true nature of his injury until an examination was made by Dr. Ford J. Macpherson, an orthopedic surgeon of Shreveport, on August 6, 1962. Defendants filed a plea of prescription, which was ' sustained, whereupon plaintiff filed a motion for a new trial, in which he prayed for authority to amend his petition and to take evidence on the issue of prescription. The motion was granted and *222 plaintiff’s supplemental petition alleged that the pain in his right hand had increased over a period of months prior to the institution of suit and that his efficiency and ability as a carpenter was gradually diminishing.
Under the provisions of LSA-R.S. 23:-1316, plaintiff filed a motion on November 8, 1962, for preliminary judgment on the ground that answer had not been filed by defendants, which was overruled on November 12th, on which day the peremptory exception of prescription was re-asserted by defendants, who subsequently filed an answer to plaintiff’s petition on November 23rd.
Plaintiff testified that only a few days after the accident — on a Sunday night— he consulted Dr. James Brooks, Jr., of Atlanta, Texas, and had his finger dressed. In connection with plaintiff’s deposition certain documents were filed:
(1). The report of Dr. Smith, dated November 10, 1960
(2). A letter of Dr. Brooks dated March 20, 1961.
(3). A letter written by plaintiff to the defendant, Insurance Company of North America, dated March 2, 1961.
Defendants’ plea of prescription was predicated upon the contention that plaintiff had full knowledge of the nature and ■effects of the injury immediately following its occurrence, and that his suit, which was filed August 23, 1962, does not come under any of the exceptions established by our jurisprudence which would remove this case from the statutory period of per-emption of one year and place it within that category of compensation claims which are permitted to be filed after the lapse of one year but within the maximum period of two years following the occurrence of the accident.
On appeal plaintiff urges that the phrase “development of an injury” under the statutory prescriptive provision of LSA-R.S. 23:1209 has been extended by our jurisprudence to include those suits filed by an injured employee who has continued to work in appreciable pain and discomfort earning his full wages despite such handicap, after one year and before two years of the time he leaves his employment, citing: Malone’s Louisiana Workmen’s Compensation Law and Practice, Section 384, page 175, 1962 pocket part; Croswell v. Wells (2nd Circuit, 1958, writs denied), La.App., 102 So.2d 794; Brewster v. City of Shreveport (2nd Circuit, 1959), La.App., 108 So.2d 801; Mottet v. Libby-Owens Ford Glass Co., 220 La. 653, 57 So.2d 218; Wallace v. Remington Rand, Inc., 229 La. 651, 86 So.2d 522; Watson v. United States Tobacco Co. (2nd Circuit, 1956, writs denied), La.App., 87 So.2d 205; and Bynum v. Maryland Casualty Company (1st Circuit, 1958, writs denied, La.App., 102 So.2d 547). Other authorities cited in brief we deem to be irrelevant, inasmuch as they did not involve the issue of prescription which is here under examination.
Study of the authorities with reference to the application of the period of prescription is convincing on the point that each case must be considered on the basis of the relevant and material facts which bear upon the issue of prescription. Generally, our courts have refused to apply the prescription of one year in those cases where the real nature and effect of the injury (1) has not developed, or (2) with respect to which the claimant was ignorant, or (3) where the claimant has been forced to discontinue his employment because of the development of the injury to a degree which disables him from such continuance.
After careful examination of the record, we find ourselves in accord with the conclusion of the trial judge, as stated in a brief written opinion:
“We find as a fact that the injury complained of by the plaintiff was not such a ‘developing injury’ that would *223 take his case out of the prescriptive period. Plaintiff was hurt, and knew he was hurt, and knew why he had not completely recovered from the injury, all within a relatively short period of time after the accident.”
The above finding is convincingly sustained by the evidence. The medical testimony is in complete agreement on the point that plaintiff’s pain and discomfort, which we may concede he has suffered in some degree almost continuously from the time of the accident, is attributable to a nerve injury. Dr. Smith testified that plaintiff was informed of the nature of his injury; that the nerve involvement manifested itself within a comparatively brief period of time, and that this nature of in-injury would customarily be expected to be completely overcome within a matter of months.
Attached to plaintiff’s deposition, as above noted, is a letter from Dr. Brooks, dated March 20, 1961, addressed “TO WHOM IT MAY CONCERN;”, which contains the following statement:
“One-third (^3) of the first joint of the right index finger is gone. The nerves are cut and cause much pain. Part of the bone is gone also. The first joint is stiff.
“I estimate that Mr. Whatley will have total and permanent disability to first joint.”
The letter written by the plaintiff to the defendant insurer, dated March 2, 1962, was as follows:
“While employed on the construction of the Red River Bridge, in Shreveport, Louisiana, on (or about) August 26, 1960 I received an injury to my index finger of the right hand. This resuted (sic) in the loss of part of the bone, of the end joint, and part of the nail, and some part of the nerve.
“If you can send an adjuster, I think we can settle this little matter amicably.”
There can be no possible doubt as to the correctness of the conclusion that plaintiff was fully informed as to the nature and effect of the injury, and, certainly, he knew if he was working under the handicap of pain and discomfort as early as March 2, 1961, and it follows that his petition filed August 23, 1962, was well beyond the limit of one-year prescriptive period, even if it be computed from the date of his own letter of March 2, 1961, or the “TO WHOM IT MAY CONCERN” letter of Dr. Brooks of March 20, 1961, rather than the actual date of the accident which occurred September 9, 1960.
Counsel for plaintiff strenuously urges that plaintiff was not fully acquainted with the nature of his injury until the date of the examination made by Dr. Macpherson on August 6, 1962. The testimony of the other medical experts was to the effect that there was no substantial difference between Dr. Macpherson’s report and the description of the injury as given by Dr. Smith, Dr. Brooks, and as understood by plaintiff himself, except that Dr. Macpher-son’s report was couched in what might be denominated as “orthopedic language” and given in considerably greater detail.
The fully justified factual conclusions that plaintiff’s injury was not of a slow developing nature; that he not only was not ignorant, but, on the contrary, was fully informed of the nature and effect of his injury within a short time following the accident, and that he was never forced to discontinue his employment nor was he ever discharged for lack of ability to continue the performance of his occupation, in our opinion, effectively serve to remove this case from those cited above, and others in which the factual situations were entirely different and under which the extension of the period for filing suit was. permitted.
Counsel for plaintiff further specifies error on the part of the district judge in failing to grant his motion for a preliminary judgment. In view of plaintiff’s *224 motion for a new trial, which prayed for permission to file a supplemental petition and for the taking of evidence bearing upon the plea of prescription, which motion was allowed, we think the refusal of the motion for preliminary judgment was correct.
For the reasons assigned, the judgment appealed from is affirmed at appellant’s cost.