LOTTINGER, Judge.
This is a suit for workmen’s compensation filed by Horace Granger, as petitioner against Nichols Construction Corporation and its insurer, Home Insurance Company, as defendants. The defendants filed an exception of prescription which was main *338 tained by the Lower Court and the suit dismissed. The petitioner has taken this appeal.
The petition alleges that on a certain day during the month of November, 1963, while petitioner was engaged in his employment with Nichols Construction Corporation as a painter on the grounds of the Dow Chemical Company, he slipped and fell, jamming his leg between members or structural pieces causing total and permanent disability. The petition further states that the accident was immediately reported to his superior, and that the petitioner continued to work though he had difficulty in doing so because of his incapacitated condition. He was laid off by his employer on February 21, 1964.
Suit was filed on February 23, 1965, some fifteen months after the alleged accident, claiming total benefits under the Louisiana Workmen’s Compensation Act. The defendants filed an exception of prescription under the provisions of RS 23:1209, which was sustained by the Lower Court. The petitioner has taken this appeal.
As a defense to the plea of prescription, petitioner contends that the symptoms did not arise until within one year prior to the filing of this suit. By making this contention, the petitioner is attempting to show an interruption of the one year prescription provided by RS 23:1209, which provides as follows:
“In case of personal injury (including death resulting therefrom) all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter or unless within one year after the accident proceedings have been begun as provided in Parts III and IV of this Chapter. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment. Also, where the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until the expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident.”
In compensation proceedings, where the one year prescriptive period has elapsed and prescription has been pleaded, the burden is upon petitioner to show an interruption of prescription. Tierce v. United Gas Public Service Company, La.App., 164 So. 446, Dodd v. Lakeview Motors, La.App., 149 So. 278, Mella v. Continental Emsco, La.App., 189 So.2d 716, writ refused, 249 La. 762, 191 So.2d 141.
The petitioner himself testified that three weeks following the alleged accident he went to see Dr. Durand because his knee was bothering him. In answer to a question as to whether his knee was bothering him, he answered, “Well, it started bothering me after I fell, yes.” The petitioner further testified that his knee bothered him so much that he continued to see Dr. Dur- and several times during December, 1963.
From the above it is apparent that, although the accident did occur during the month of November, 1963, the injury developed either immediately thereafter or at the latest, during the month of December, 1963. Prescription began to run at the time the injury developed. Therefore, this suit was not filed within the one year prescriptive period as provided in RS 23:1209. We therefore, find no error on the part of the Lower Court in maintaining the exception of prescription.
For the reasons hereinabove assigned, the judgment of the Lower Court will be affirmed, all costs of this appeal to be paid by petitioner.
Judgment affirmed.