227 So.2d 620 (1969)
John S. GUILLORY, Plaintiff-Appellant,
v.
MARYLAND CASUALTY COMPANY, Defendant-Appellee.
No. 2826.
Court of Appeal of Louisiana, Third Circuit.
October 30, 1969.
*621 Preston N. Aucoin, Ville Platte, for plaintiff-appellant.
Gist, Methvin & Trimble, by David A. Hughes, Alexandria, for defendant-appellee.
Before TATE, HOOD, and CULPEPPER, JJ.
TATE, Judge.
This is a workmen's compensation suit. The plaintiff Guillory was injured at work on August 7, 1967. He did not file the present suit for compensation benefits against his employer until October 31, 1968, that is, more than one year later.
The trial court sustained an exception pleading a one-year prescription. LSA-R.S. 23:1209. The plaintiff appeals.
Under LSA-R.S. 23:1209, an injured employee must ordinarily file suit within one year of date of the accident or of the last compensation payment. However, where the disabling injury does not manifest itself until later, the prescription does not commence running "until the expiration of one year from the time the injury develops."[1]
The plaintiff contends that the disabling injury did not manifest itself until November 13, 1967 (or within one year of the suit). On this date, he for the first time was examined by a physician, which was then the first medical diagnosis of disability.
We are unable to accede to the persuasive arguments of the plaintiff's counsel. The plaintiff's testimony and that of his wife show that the injury manifested itself as a compensable claim immediately after the wrenching injury or, at the very least, several weeks before the plaintiff employee finally reported to the physician in November.
The plaintiff fell and twisted his right knee at work. He suffered severe pain. He limped for the next few days. By his own testimony, the pain was constant from the time of the accident until the time he finally reported to a doctor for examination.
Perhaps in the initial interval it was not as severe and unbearable as it became at the time the employee reported to the doctor. Nevertheless, his and his wife's testimony show that, through the persistance of the pain, the plaintiff knew of the continuing manifestation of the work-incurred injury.
The plaintiff, a former manager of his employer's plant, testified that he did not report the injury to the insurer because he did not wish to increase the latter's compensation rate. He hoped the injury would cure itself; but it did not.
His wife testified that she kept insisting that he see a doctor. When the pain became "unbearable", Tr. 143, Tr. 156, he finally agreed. The appointment to see the doctor on November 13th was made at least two weeks prior to said date.
The evidence further shows that, in accordance with prior arrangements, the plaintiff left work for his former employer on September 1st, about three weeks *622 after the accident. He taught at high school for the following year.
The decisions relied upon by the plaintiff are therefore not applicable.[2] They concern instances where the employee returned to or remained in the employment in which he was injured, performing his pre-injury duties. The courts held that, under these circumstances, it would be conjectural to assume that the disability had manifested itself as disabling until the employee terminated his employment as no longer able to perform his work-duties.
Here, however, the preponderance of the evidence shows that the injury had manifested itself at or soon after the accident. Under the cited decisions, the proof of any resultant disability might have been conjectural until the plaintiff actually ceased his employment on September 1st. Thereafter, however, the constant and consistent complaints of pain were sufficient manifestation of the disability to commence the running of the prescriptive period. Granger v. Nichols Construction Corp., La. App. 1st Cir., 202 So.2d 337; Whatley v. Insurance Company of North America, La. App. 2d Cir., 154 So.2d 220.
The present is also to be distinguished from situations where, after the initial manifestation, the disabling nature of the injury becomes latent; only to be activated later by a new trauma or otherwise. Croswell v. Wells, La.App. 2d Cir., 102 So.2d 794; Manuel v. Travelers Ins. Co., La.App. 1st Cir., 46 So.2d 319.[3] Under these circumstances, the later remanifestation is regarded as the time when the injury "develops" (again), so that a suit brought within a year of re-manifestation is timely.[4] Here, however, the evidence shows no remission, but rather a continuous manifestation of the injury, which thus developed at or soon after the accident.
The plaintiff's astute counsel essentially urges that the injury should not be regarded as developing or manifesting itself until diagnosed as disabling by a competent physician. He relies in part upon suggestions made in a comment, Workmen's CompensationLatent or Unknown InjuriesPrescription, 12 La.L.Rev. 73 (1951).[5] There, the suggestion made was that prescription should toll, when the plaintiff is inhibited from enforcing his rights by a mistaken diagnosis of physicians, by reason of which he is not in a position to know that he had a valid claim for diability.
In the present case, however, the employee knew of the disabling manifestations of his injury, and he was reasonably aware that he had a valid compensation claim. He delayed seeking medical diagnosis only in the hope the injury would cure itself, not because the injury had not manifested itself as disabling.
We may say that the plaintiff and his wife impressed us as straightforward and completely truthful witnesses. We are impressed by his counsel's suggestion that the plaintiff's manful desire to get better without making a compensation claim, in loyalty *623 to his employer, should not be penalized. Nevertheless, we cannot ignore the unambiguous provision of law that a claim for compensation benefits prescribes unless suit is brought within one year after the accident or after the injury has manifested itself.
In this instance, the trial court correctly held that the claim has prescribed, since not brought timely. We therefore affirm its judgment dismissing the plaintiff's suit. The costs of this appeal are to be paid by the plaintiff-appellant.
Affirmed.
NOTES
[1] LSA-R.S. 23:1209 pertinently provides: "* * * Also, where the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until the expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident."
[2] Russell v. Employers Mutual Liability Ins. Co., 246 La. 1012, 169 So.2d 82; Wallace v. Remington Rand, Inc., 229 La. 651, 86 So.2d 522; Johnson v. Cabot Carbon Co., 227 La. 941, 81 So.2d 2; Mottet v. Libbey-Owens-Ford Glass Co., 220 La. 653, 57 So.2d 218; Madison v. American Sugar Refining Co., La.App. 4th Cir., 134 So.2d 646 (affirmed on other point, 243 La. 408, 144 So.2d 377); Brewster v. City of Shreveport, La.App. 2d Cir., 115 So.2d 229; Bynum v. Maryland Casualty Co., La.App. 1st Cir., 102 So.2d 547.
[3] The Manuel case, like the present, concerned a ruptured knee-cartilage. In Manuel, unlike the present, the second manifestation occurred under the pleadings after a period of remission.
[4] That is, provided it is brought within two years of the accident, so as not to be barred by the two-year peremptive period of LSA-R.S. 23:1209, quoted in Footnote 1 above.
[5] This comment was written by the author of this opinion before he commenced his judicial service.