CHEHARDY, Judge.
Plaintiff, Chris Owens, has appealed a judgment dismissing his workmen’s compensation suit on an exception of prescription. We affirm.
On the face of the petition, his cause of action has prescribed. He alleges that while in the employ of H & L Enterprises on January 16, 1978 he wrenched his back while lifting a pump and reported the incident to his employer that same day. On February 6, 1978, he told his foreman he was quitting the job because his back hurt. On March 20, 1978, his condition was diagnosed as “ruptured discs” for which he un *877 derwent surgery at an undisclosed future date. Plaintiff, in seeking benefits from his employer and its compensation insurer, Hartford Insurance Company, claimed he could not work after February 6, 1978. Suit was filed March 6, 1979.
L.R.S. 23:1209 provides that an injured employee must file suit for workmen’s compensation benefits within a year of the accident. An exception to this rule is made where the disability from the injury does not manifest itself until sometime after the accident, in which case prescription begins to run from the date of manifestation with an outside limitation of two years from the date of the accident.
For plaintiff to come within the extended filing exception, it would be incumbent on him to prove the injury did not manifest itself prior to March 6, 1978. From his own petition it is apparent he became aware of his disability on February 6, 1978, the day he permanently discontinued his employment. In Guillory v. Maryland Casualty Company, 227 So.2d 620 (La. App.3d Cir. 1969), the court in considering L.R.S. 23:1209 pointed out that disability becomes manifest when the workman quits his job because he no longer can perform as a result of an injury. The Guillory court drew a distinction between those cases where the injured workman remained on the job after an accident and attempted to work despite the injury and was later forced to terminate and those instances where the workman quit his job. Once he discontinues his employment because of disability the condition at that point legally has manifested itself. See also Granger v. Nichols Construction Corporation, 202 So.2d 337 (La.App. 1st Cir. 1967).
Appellant points out the exception of prescription was argued in the trial court without his counsel being notified to appear to argue. The judgment on the exception states he was notified but was not present. The record reflects that the clerk of court mailed notice of the fixing of this exception for trial more than one month before the matter was argued and counsel for the ex-ceptor certified he mailed a copy of the exception to plaintiff’s counsel. Appellant’s attorney denied receiving either notice. As a matter of law appellant was not properly cited because any pleading filed subsequent to the original petition must be served through the sheriff if a court appearance is required. C.C.P. arts. 1311 through 1314.
While we agree there is a procedural irregularity, this does not prevent our considering the exception of prescription at this level. The petition on its face reflects plaintiff’s cause of action has prescribed and the exception of prescription was formally pleaded. The thrust of appellant’s argument to us is that the disability did not manifest itself at the time of the accident and prescription should run from the date the back condition was diagnosed as opposed to the earlier date at which the injury manifested itself. Because under C.C.P. art. 927 the pleas of prescription may be raised and considered at any stage of the proceeding, we pass on the merits of the exception and affirm the judgment.
For the reasons assigned, the judgment appealed from is affirmed.

AFFIRMED.

GARRISON, J., dissents with written reasons.