424 So.2d 446 (1982)
Shirley BEVERLY
v.
STATE of Louisiana Through the DEPARTMENT OF HEALTH AND HUMAN RESOURCES.
No. 5-387.
Court of Appeal of Louisiana, Fifth Circuit.
December 9, 1982.
Rehearing Denied January 17, 1983.
*447 Edmond R. Eberle, New Orleans, for plaintiff-appellant.
Dutel & Dutel, Catharine E. Ohlsson, Arthur J. O'Keefe, Metairie, for defendant-appellee.
Before SAMUEL, KLIEBERT and GRISBAUM, JJ.
GRISBAUM, Judge.
This is a worker's compensation case in which the trial court sustained defendant's preemptive exception of prescription and dismissed plaintiff's suit. Plaintiff has appealed. We reverse.
The issue is whether plaintiff's injury "developed" within one year prior to the time plaintiff filed this suit under La.R.S. 23:1209.
Plaintiff is employed as a homemaker by defendant, the State of Louisiana, through its Department of Health and Human Resources. On May 25, 1979 while engaged in her homemaking duties, she was injured in a slip and fall accident at a Winn Dixie Food Store in Jefferson Parish. On that day she reported the accident to her supervisor and attempted to continue working but finally was excused (for the day) due to the pain she was experiencing. She also reported to the Emergency Room of East Jefferson Hospital where x-rays and medical examinations were performed. On the following day she returned to work. In early June 1979 she consulted Dr. Raol Rodriguez, an orthopedist, who informed her that she had a disc problem and recommended conservative medical treatment for her back injury such as pain pills, muscle relaxants, use of a corset, and applying heat to the back area. Because she was experiencing considerable pain, at the request of Dr. Rodriguez, Mrs. Beverly remained off work during June 1979 then returned to her normal work as a homemaker. In November 1979, with the approval of her supervisor, Mrs. Beverly restricted some of her work activities due to continuing back pain. *448 She performed most of her duties as a homemaker but no longer mopped, lifted heavy objects or climbed stairs. She has continued working to the present time under this "light duty status." According to her deposition testimony, her condition has remained essentially the same; she experiences pain sporadically but only misses work when the pain is unbearable.
During September 1980 Dr. Rodriguez recommended that plaintiff be hospitalized and that a myelogram test be performed to determine whether back surgery was necessary. At that point plaintiff sought medical payments for the proposed hospitalization and other medical expenses from her employer. This request was denied; thus, appellant filed this suit for medical care payments on May 20, 1981.[1]
On September 23, 1981 appellee filed an exception of prescription. The trial court found that plaintiff's claim for medical expenses under Louisiana Workman's Compensation Law had prescribed and dismissed her suit on March 12, 1982.
Plaintiff's right to claim medical expenses exists under La.R.S. 23:1203. The Act per se does not specifically provide a prescriptive period for medical payments; however, jurisprudence has indicated that the period set forth in R.S. 23:1209 for weekly compensation benefits is applicable to claims for medical payments. See, Brown v. Travelers Ins. Co., 247 La. 7, 169 So.2d 540, 543 (1964); Rowley v. Lumbermens Mutual Cas. Co., 247 So.2d 135-36 (La.App. 4th Cir.1971); Prejean v. Travelers Ins. Co., 234 So.2d 527, 528-30 (La.App. 3d Cir.1970); Cook v. International Paper Co., 42 So.2d 558, 560 (La.App. 2d Cir.1949).
The last sentence of R.S. 23:1209 states:
"... Also, where the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until the expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident." (Emphasis added)
Expressions in the jurisprudence interpreting the last sentence of R.S. 23:1209 indicate that the prescriptive period begins to run when the employee is unable to "substantially perform the duties of employment." See e.g. Russell v. Employers Mutual Liability Insurance Company of Wisconsin, 246 La. 1012, 169 So.2d 82, 88-89 (1964); Wallace v. Remington Rand, Inc., 229 La. 651, 86 So.2d 522, 525-26 (1956); Johnson v. Cabot Carbon Company, Inc., 227 La. 941, 81 So.2d 2, 4-5 (1955); Mottet v. Libbey-Owens-Ford Glass Co., 220 La. 653, 57 So.2d 218, 219-20 (1952); Burleigh v. Argonaut Ins. Co., 347 So.2d 13, 15-16 (La.App. 3rd Cir.1977); Harris v. Seaboard Fire & Marine Ins. Co., 337 So.2d 262, 263-64 (La.App. 2d Cir.1976); Hebert v. Hartford Accident & Indemnity Co., 331 So.2d 222, 223-25 (La.App. 3d Cir.1976). Addressing the question of when a disability exists, our courts have usually resolved this question by simply holding that the day the employee ceases his/her employment due to disability is the day the "injury develops." See Wallace, supra; Johnson, supra; Mottet, supra; Burleigh, supra; Harris, supra; Hebert, supra; Malone and Johnson, Workers' Compensation, § 384, pp. 245-248. It should be noted that these cases have been suits that have primarily dealt with compensation benefits where the employee was forced to terminate employment due to his condition or was terminated by his employer. We find the rationale supporting these decisions determinative. It makes no difference that there is initial manifestation of the disability. Hebert, 331 *449 So.2d 222, 224. Importantly, where an employee continues to work, our courts emphasize encouraging rather than penalizing "an employee who seeks to continue working despite what, in legal contemplation, turns out to be disability." Hebert, 331 So.2d 222, 224; See Wallace, 86 So.2d 522, 525-26; Johnson, 81 So.2d 2, 4; Burleigh, 347 So.2d 13, 15. They recognize an employee does not have the same knowledge and inclination of an attorney. Hebert, 331 So.2d 222, 224.
Applying these principles to this case, plaintiff has never reached the point where she can no longer pursue her occupation. Defendant claims November 1979, the date she went on light duty, as the date her injury developed. We do not find that the facts, viewed as a whole, support this conclusion. Granted she does not lift heavy objects, climb stairs with regularity, or mop which are duties performed by a homemaker; however, we do not consider this a substantial reduction in her work. She is paid her same salary and continues to work full work days. Moreover, as Wallace points out:
"[w]hat may be a disabling injury to one man may not be to another and the plain purpose of the amendment to the compensation law by Act 29 of 1934 is to provide a reasonable period of limitation in cases like this, where the injured workman continues on at his job and earns his wage, even though he does not perform all the duties formerly assigned to him." Wallace, 86 So.2d 522, 526.
Defendant also contends that plaintiff had knowledge of a disc problem and of the seriousness of this problem as early as June 1979. It cites Guillory v. Maryland Casualty Co., 227 So.2d 620 (La.App. 3d Cir.1969); Granger v. Nichols Construction Corp., 202 So.2d 337 (La.App. 1st Cir.1967); Whatley v. Insurance Company of North America, 154 So.2d 220 (La.App. 2d Cir. 1963) for the proposition that Mrs. Beverly was fully informed as to the nature and the effect of her injury; therefore, her knowledge as early as June 1979 of the disc problem makes this date (or at the latest November 1979) the time in which prescription commences.
It is true (as was stated in her deposition testimony) that Mrs. Beverly was informed that she may have a serious disc problem as early as June 1979. However, she was never told that she was disabled or that she could not return to work. Moreover, her physician informed her that there was a possibility her condition would improve. Rather than quit work and draw worker's compensation payments, Mrs. Beverly has continued working although at times in considerable pain and has missed only a few work days due to her back condition. The rationale behind the above cited cases of Wallace, Johnson, Burleigh, and Hebert is applicable here. We will not penalize a worker who continues to work in pain hoping that her condition will improve and who continues to support her family unit throughout this time.
For the reasons stated above, we overrule the exception of prescription and remand this case for further proceedings. The costs of this appeal are assessed to defendant-appellee; any costs at the trial court level arising from the adjudication of this exception of prescription are also assessed to defendant-appellee.
REVERSED AND REMANDED.
NOTES
[1] Shirley Beverly has not sought compensation payments but has reserved her right to claim compensation benefits if such a claim arises.